No. 24-10556

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

Virginia Hall,
Plaintiff/Appellant

v.

Chubb European Group SE,
Defendant/Appellee

———————————————

On Appeal from the United States District Court
Middle District of Florida, Case No. 8:23-cv-933-WFJ-TGW

———————————————

**APPELLANT'S PRINCIPAL BRIEF**

Gray Proctor
Fla. Bar No. 48192
242 Lake Drive
Morristown, NJ 07960
202-469-1754
Email: gray@allappeals.com
Attorney for Appellant
DATED: June 17, 2024

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

---

*Virginia Hall v. Chubb European Group SE*,
Appeal No 24-10556

---

### <u>Certificate of Interested Persons:</u>

Azure Restoration of South Florida

Yoanna Blanco, Esq.

Daniel Castro, Esq.

Chartwell Law Offices, LLP

Christopher R. Cooper, Esq.

Chubb European Group SE

Chubb Limited

Virginia Hall

Hon. William F. Jung (MD FL)

Link Public Adjusting Group Marcus G. Mahfood, Esq.

Thomas J. Morgan, Esq.

Morgan Law Group, PA

Hon. Thomas Wilson (MD FL)

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument would not substantially help the Court resolve the dispute.

Although it is highly fact-driven, the record is clear and not voluminous.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................... i

STATEMENT REGARDING ORAL ARGUMENT ..................................... ii

TABLE OF CONTENTS .............................................................. iii

STATEMENT OF JURISDICTION ...............................................1

STATEMENT OF THE ISSUE ON APPEAL ................................2

STATEMENT OF THE CASE AND FACTS ................................2

I.      The district court grants Chubb's motion to compel reinspection of Hall's home. ..........................................................................2

II.     The district court dismisses the case without a hearing after Chubb files a motion to enforce the order compelling reinspection. ................4

III.    Hall's counsel explains in a motion for reconsideration that he was unaware that Chubb's reinspection was not being scheduled as Chubb had requested. ..........................................................................8

SUMMARY OF THE ARGUMENT ...........................................10

ARGUMENT........................................................................10

I.      Standard of Review........................................................10

II.     The court abused its discretion and its findings are not fully supported by the record..................................................................11

CONCLUSION....................................................................14

CERTIFICATE OF COMPLIANCE .........................................15

CERTIFICATE OF SERVICE .................................................16

## TABLE OF AUTHORITIES

**CASES**

*BankAtlantic v. Blythe Eastman Paine Webber, Inc.*,
    12 F.3d 1045 (11th Cir. 1994)............................................................10

*Betty K Agencies, Ltd. v. M/V/ Monada*,
    432 F.3d 1333 (11th Cir. 2005)........................................................14

*Goforth v. Owens*,
    766 F.2d 1533 (11th Cir. 1985)........................................ 10, 11, 13

*Gratton v. Great Am.*,
    178 F.3d 1373 (11th Cir. 1999)........................................................12

*Gray ex rel. Alexander v. Bostic*,
    570 F.3d 1321 (11th Cir. 2009)........................................................11

*Haji v. NCR Corp*,
    834 F. App'x 562 (11th Cir. 2020) ...................................................13

*Levy v. NCL (Bahamas), Ltd.*,
    686 F. App'x 667 (11th Cir. 2017) ...................................................13

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
    427 U.S. 639 (1976) .........................................................................11

*Wouters v. Martin County, Fla.*,
    9 F.3d 924 (11th Cir. 1993)..............................................................11

**RULES**

Federal Rules of Civil Procedure Rule 41 ....................................... *passim*

## <u>STATEMENT OF JURISDICTION</u>

The federal courts have diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. The appeal is from a final order that disposes of all parties' claims, and appellate jurisdiction over the district court's final judgment therefore exists pursuant to 28 U.S.C. § 1291. The order of dismissal was entered January 24, 2024, and a timely notice of appeal was filed on February 22, 2024. Fed. R. App. P. 4(a)(1)(A).

<u>**STATEMENT OF THE ISSUE ON APPEAL**</u>

Appellant raises the following issue on this appeal:

Whether the district court abused its discretion when it dismissed the action without a hearing for Plaintiff's purported refusal to permit inspection?

<u>**STATEMENT OF THE CASE AND FACTS**</u>

This is a state court case, which Chubb removed from the Florida trial court. (D.E. 1).  Plaintiff/Appellant Hall alleges that she suffered a covered loss under her Chubb insurance policy due to Hurricane Ian on or about September 28, 2022. (*Id.* at 9).  The complaint was served on March 29, 2023, and the notice of removal followed on April 28, 2023.  (*Id.* at 4).  Chubb's May 5, 2023 motion to dismiss, (D.E. 11), the May 8, 2023 endorsed order denying it, (D.E. 12), and the March 9, 2023 answer (D.E. 17) are not relevant to this appeal, and therefore excluded from the Appendix.

## I.    The district court grants Chubb's motion to compel reinspection of Hall's home.

On May 31, 2023, Chubb filed the parties' case management report.  (D.E. 18).  Box 8 was checked, indicating that "The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion."  (*Id.* at 4).  On June 1, 2023, the court entered a case management order setting initial expert disclosures for December 1, 2023 and a discovery cut-off date of March 1, 2024. (D.E. 19).

2

On September 19, 2023, Chubb's counsel emailed Hall's counsel, with the subject line "In Re: Virginia Hall - Policy No.: CHFLO001119; MMA: 20.24842; Broker Ref: BA2100321ACM; DOL; 09/28/22 20.24842 15190.0096859."  (D.E. 23, at 10).  Counsel wrote only that "We would like to set up a reinspection in this matter" and offering three dates and times at which Chubb's expert was available.  (*Id.* at 10-11).

On September 21, 2023, Chubb's counsel sent a second email explaining "I am following up on my prior email" and repeating the text of the first.  (*Id*. at 24).  The email appeared to be forwarded from the prior email, because it had the same subject line, but with "RE:" as the first word.  (*Id.* at 10).

On October 6, 2023, Chubb's counsel sent a third email, explaining "We have not heard back from your office regarding our request for an inspection," and offering four dates in October.  (*Id.* at 9).  Along with the lead attorney, counsel copied the named partner on the email.  (*Id*).  The subject remained:  "RE: In Re: Virginia Hall - Policy No.: CHFLO001119; MMA: 20.24842; Broker Ref:BA2100321ACM; DOL; 09/28/22 20.24842 15190.0096859." (*Id.*).  Counsel explained that she was "Happy to set up a call to discuss."  (*Id.*).

3

Chubb's counsel let another twenty-five days pass before doing anything further to get the inspection scheduled. (*Id.* at 1-3). On November l, 2023, Chubb filed a motion to compel inspection. (*Id.* at 1). Chubb did not certify that it had attempted to confer with Hall before or after filing the motion, as the local rules require. (*Id.* at 3-4); *see* M.D. Fla. L.R. 3.01 & (g)(3). All the same, Chubb represented that it had been "forced" to rely on the district judge "to make the subject property available for inspection. . . ." (*Id.* at 3).

In November 8, 2023, the court entered an endorsed order on the docket. (D.E. 24). The text of the order is as follows: "ENDORSED ORDER granting 23 Motion to Compel inspection. Under the Local Rules, motions for which no response is filed are deemed unopposed.[1] Plaintiff will accommodate this inspection at a time reasonably convenient for Defendant. If Plaintiff fails to permit same, the matter will be dismissed without further notice."

## II.    The district court dismisses the case without a hearing after Chubb files a motion to enforce the order compelling reinspection.

Chubb's counsel did not contact Hall's counsel to schedule the reinspection during November.

On December 1, 2023, Chubb filed its expert disclosure, listing a licensed professional engineer who would testify as to the cause of damages. (D.E. 25, at 1).

---

[1] The district court's ruling may have been premature. *See* M.D. Fla. L.R. 3.01(c) (granting parties 14 days to respond to motions).

Chubb explained that "Mr. Quigley will prepare an engineering report and any report prepared by Mr. Quigley containing a summary of his opinion will be provided to Plaintiff." (*Id.*). In a footnote Chubb wrote that "As Plaintiff did not make the property available for inspection, Defendant was required to file a motion to Compel Inspection, which was recently granted by the Court." (*Id.*).

On January 3, 2024, the Court filed an endorsed order directing lead counsel to file the notice of scheduled mediation, which was due to be conducted by February 1, 2024 in the scheduling order. (D.E. 26). Later that day, Chubb filed a motion to extend the mediation deadline. (D.E. 27). Chubb explained that "Prior to the deadline, Defendant made multiple attempts to coordinate mediation; however, due to limited availability and conflicts with opposing counsel's office, the Parties were unable to schedule mediation by the prescribed deadline." (*Id.* at 2). The mediator's earliest availability was not until May. (*Id.* at 2). Chubb asked the court to either extend the mediation deadline or allow a replacement mediator. (*Id. at 2*). Chubb did not argue that the still-unscheduled reinspection served as cause to extend the mediation deadline.

As before, Chubb's motion did not include a Local Rule 3.01(g) certification that it had conferred with Hall or tried to do so. Chubb did, however, represent that "Defendant attempted to confer with opposing counsel and file this Motion jointly with no response." (*Id.*). In Hall's response, her counsel denied that he had not

5

responded, representing that "Plaintiff reached out to opposing counsel to request a 'Proposed' Agreed Order so that Plaintiff may review and consider." (D.E. 31, at 1). "However, currently Plaintiff does not oppose Defendant's Motion for Extension of Mediation Deadline." (*Id.*).

Later the same day, Chubb moved to enforce the Court's order. Chubb's prayer for relief "respectfully requests that this Honorable Court enforce its Order dated November 8, 2023, along with the relief granted therein, and grant any further relief this Court deems just and proper under the circumstances." (D.E. 32, at 4). Chubb's motion to enforce alleged that, after the court's November 8, 2023 order, "Defendant has made multiple additional attempts to coordinate the inspection with opposing counsel but has received no response." (*Id.* at 3). Chubb explained that its counsel has sent "follow up emails with the engineer's updated availability on December 12, 2023, December 14, December 19, January 4, 2024, and January 8." (*Id.*). Chubb, however, did not inform the Court that these dates were all after the December 1, 2023 expert witness disclosure deadline.

Chubb also failed to inform the Court that parties had communicated about other scheduling issues. For example, the parties discussed via email issues involving pretrial mediation on December 5, 6, 12, 14, 19, and 20 of 2023, and on January 16, 18, and 23 of 2024. (D.E. 36, at 12-25, 32-42). They also conferred about

arranging Plaintiff's deposition on December 12, 14, and 19 of 2023, and on January 4, and 5 of 2024.  (D.E. 36, at 8-11, 26-31).

Once again, Chubb failed to make the required certification under Local Rule 32(g).  And as before, Chubb did not "try diligently for three days to contact the opposing party" or "supplement the motion with a statement certifying whether the parties have resolved all or part of the motion."  *See* M.D. Fla. L.R. 3.01(g)(3).

On January 10, 2024, the court entered an endorsed order granting the motion to extend mediation deadlines.  (D.E. 33).  The court wrote that "The new deadlines will be[] set by further notice."  (*Id.*).

On January 24, 2024, the court entered an Order granting the Motion to Enforce Judgment.  (D.E. 35).  The court treated the motion as a motion for involuntary dismissal under Rule 41(b) despite Chubb's failure to invoke the rule or to explicitly request dismissal.  (*Id*. at 3-4).  The court treated the motion as unopposed because Hall had not replied within two weeks.  (*Id.* (citing Local Rule 3.01(c))).

Discussing the procedural history of the case, the court stated that its Order on the Motion to Compel "apparently had little impact on Ms. Hall" because Chubb's counsel received no response to the five emails sent in December 2023 and January 2024.  (*Id.* at 3).

7

Explaining that dismissal under Rule 41(b) was appropriate when there was a record of contempt and lesser sanctions would not suffice, the court reasoned that "[Ms. Hall's] actions cannot be characterized as simple negligence when [s]he was made explicitly aware of what [s]he needed to do and the consequences of not doing it." (*Id.* (citations omitted)). The court found that Ms. Hall:

> ignored multiple requests for an inspection of her property, thereby forcing Chubb to file a motion to compel to which Ms. Hall never responded. The Court then granted Chubb's motion and explicitly instructed Ms. Hall to facilitate an inspection on pain of dismissal. She failed to do so. Indeed, Chubb reached out to Ms. Hall no less than five times before filing the instant Motion. Ms. Hall has not responded to these requests or offered opposition to the Motion. There is simply no indication that lesser sanctions would motivate Ms. Hall to comply with the Court's Order in these circumstances. She is wholly unresponsive to both Chubb and this Court.

(*Id.* at 4). The court granted Chubb's motion to enforce and dismissed the case. (*Id.*).

### III.  Hall's counsel explains in a motion for reconsideration that he was unaware that Chubb's reinspection was not being scheduled as Chubb had requested.

In the motion for reconsideration, Hall's counsel explained that "Because undersigned saw the exchange of electronic correspondence between his scheduling coordinator and Defense counsel's assistant, undersigned was under the mistaken impression that all scheduling issues, including the inspection of Plaintiff's property, was being dutifully coordinated." (D.E. 36, at 2). He explained that he had

discussed settlement on a phone call with Chubb's counsel in December 2023. (*Id.* at 5). Counsel also produced email correspondence showing that the parties had worked to schedule mediation and deposition throughout December and January. (*Id.*). On January 5, 2024, Plaintiff's counsel gave a date for Plaintiff's deposition. (*Id.*).

At that point, because he'd seen the exchange of emails between assistants to counsel on both sides, he "was under the mistaken impression that all scheduling issues, including the inspection of Plaintiff's property, was being dutifully coordinated." (*Id.*). At that time, he was in the second day of a four-day trial, and did not learn of the new filing. (*Id.* at 2-3). During the trial he was not monitoring emails, but instead relying on staff to advise him of approaching deadlines every morning. (*Id.* at 3). On the morning of January 9, 2024, staff had informed him that Defendant was seeking to extend the mediation deadline, but had not made him aware of the pending motion to enforce the inspection. (*Id.*). And on January 23, 2024, the day before dismissal, he had been in contact with counsel and set mediation for March 21, 2004. (*Id.*).

Counsel also represented that he had not received service of the November 8, 2023 endorsed order compelling reinspection. (*Id.* at 2). He asked the Court to reconsider its finding that Plaintiff had been "wholly unresponsive" to Defendant and the Court, (*id.*), and to recognize that Ms. Hall had "never deliberately decided

to delay the litigation" and "should not have such a severe sanction entered against her for the inaction of her counsel." (*Id.* at 5).

On February 1, 2024, the court denied the motion for reconsideration. (D.E. 37). "The case history set forth at Doc. 35 shows that the ruling is condign and no excusable neglect or mistake is shown." (*Id.*).

Hall filed this timely appeal. (D.E. 38).

## SUMMARY OF THE ARGUMENT

The district court abused its discretion by dismissing the case. The record does not show "willful" or "bad faith" conduct, and does not support a conclusion that lesser sanctions would not suffice. The Court should reverse the order dismissing the case and remand for further proceedings.

## ARGUMENT

### I.    Standard of Review

When a district court dismisses a plaintiff's complaint as a discovery sanction under Rule 41(b), this Court reviews for abuse of discretion and to "ensure that the findings of the trial court are fully supported by the record." *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994) (discussing dismissal pursuant to equivalent Rule 37); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). An abuse of discretion occurs "if the court fails to apply the proper legal standard or to follow proper procedures in making the determination," or if the court relies on "clearly erroneous" facts. *See*

*Gray ex rel. Alexander v. Bostic*, 570 F.3d 1321, 1324 (11th Cir. 2009) (quotation omitted) (addressing an award of attorney's fees).

## II.   The court abused its discretion and its findings are not fully supported by the record.

Rule 41(b) allows a party to move for involuntary dismissal if the opposing party fails to comply with a court order. Fed. R. Civ. P. 41(b). The "trial court's discretion regarding discovery sanctions is not unbridled," however, as the Eleventh Circuit has "consistently held" that "dismissal is justified only in extreme circumstances and as a last resort." *Goforth*, 766 F.2d at 1535 (discussing the hesitancy a court should have in dismissing a case under Rule 41(b)); *see also Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993) (discussing similar threshold for dismissal as a discovery sanction under Rule 37(b)).

Because it is such a drastic sanction, before dismissing a lawsuit pursuant to Rule 41, a district court must first find (1) the plaintiff's failure to comply was willful or in bad faith; and (2) lesser sanctions would not suffice. *Goforth*, 766 F.2d at 1535 (discussing prerequisites to a Rule 41(b) dismissal); *see also Wouters*, 9 F.3d at 933-34 (reversing Rule 37(b) dismissal). A dismissal under Rule 41(b) is a "sanction of last resort" that should be used only in the most extreme cases. *Id*; *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 641 (1976) (dismissal under Rule 37 appropriate only when a party's failure to comply was willful, intentional, or "in flagrant bad faith") (citation omitted).

11

Hall recognizes that Chubb's inspection should have been scheduled, and will not attempt to justify her counsel's failure to respond to the email requests. But under both Local Rule 3.01(g) and basic principles of professionalism, the answer to a failed email request is not another series of emails followed by a motion to a busy district judge. The answer is to actually confer with opposing counsel.

Here, Chubb could not truthfully comply with Local Rule 3.01(g), which requires litigants to explain "the means by which the conference occurred" and set forth the basis for disagreement as to the relief requested in the motion. It is not possible to conclude that any disagreement existed, much less that Hall acted willfully or in bad faith, and that no other sanctions would suffice.

In fact, Hall's counsel has represented that he did not understand that Chubb's requests were being ignored. (D.E. 36, at 1-5). Chubb does not represent that its counsel apprised Hall's counsel of the issue directly during telephone calls or any other "conference" as contemplated by the local rules. Nor does Chubb represent that Hall intentionally disregarded a request she knew had occurred. Under these circumstances, the Court should not affirm a Rule 41(b) dismissal.

And in the past, it has not. Cases in this Court affirming dismissal under Rule 41(b) demonstrate the extreme level of willfulness required:

- *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). In *Gratton*, this Court found no abuse of discretion where the district court

found the plaintiff repeatedly flouted discovery rules, destroyed evidence, misidentified a witness, and ignored the court's orders, and where the district court tried lesser sanctions twice before concluding that no sanction but dismissal would cure the harm.

- *Haji v. NCR Corp*, 834 F. App'x 562, 563-64 (11th Cir. 2020). In *Haji*, the appellant failed multiple times to respond to court ordered discovery; was twice ordered to pay attorney's fees; and, engaged in a teleconference with the magistrate judge designed "to ensure [Plaintiff] had adequate information and time to appropriately engage in discovery."

- *Goforth*, 766 F.2d at 1535. In *Goforth*, plaintiff's counsel:

    [E]ngaged in a pattern of delay and deliberately refused to comply with the directions of the court. . . . Despite the court's repeated insistence that plaintiff's counsel submit a preliminary statement, plaintiff's counsel failed to submit such a statement [and] also failed to appear for a pretrial conference in June 1984, as an alternative to submitting a preliminary statement. Finally, plaintiff's counsel disobeyed the court's instruction to be ready to proceed with trial on September 17, 1984.

On the other hand, this Court has reversed or vacated Rule 41(b) dismissals the record is more consistent with mere neglect of a case:

- *Levy v. NCL (Bahamas), Ltd.*, 686 F. App'x 667 (11th Cir. 2017). In *Levy*, the Eleventh Circuit vacated and remanded where a district court dismissed a case under Rule 41(b) but where the plaintiff alleged that she had not received an

13

order to show cause and therefore had not responded to it, and where the record showed at most negligence in failing to prosecute the case.

• *Betty K Agencies, Ltd. v. M/V/ Monada*, 432 F.3d 1333 (11th Cir. 2005). In *Betty K*, this Court reversed a dismissal with prejudice, finding that the "draconian" and "unsparing" remedy of dismissal was not appropriate where a litigant disputed whether it had willfully violated a rule requiring that a counter-claim be served on a party, because "we strive to afford a litigant his or her day in court, if possible."

Here, the sanction of dismissal – which, under Rule 41(b), is with prejudice because the district court did not specify otherwise – is disproportionate to the offense. The Court should reverse and remand for further proceedings.

## <u>CONCLUSION</u>

Rule 41(b) dismissal with prejudice is draconian, unsparing, and extreme remedy, that is to be used only as a last resort for the "truly flagrant" and willful failures to comply with the court's orders. Here, the record indicates Chubb could have gotten its inspection if it had engaged in meaningful communication with Hall as the local rules require. Instead, Chubb bypassed the local meet-and-confer requirement in favor of immediately seeking judicial intervention. Mrs. Hall deserves her day in court. The Court should reverse and remand.

Respectfully Submitted,

14

/s/ Gray Proctor
Fla. Bar No. 48192
242 Lake Drive
Morristown, NJ 07960
Ph:  202-469-1754
Em: gray@allappeals.com
Attorney for Appellant
DATED: June 17, 2024

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2)(B) because this brief contains 3104 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Gray R. Proctor

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ Gray R. Proctor
